UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DELWAYNE MILLS,

         Plaintiff,

     -vs-               13-CV-998-JTC

ACS RECOVERY, INC.,

         Defendant.

## INTRODUCTION

On October 2, 2013, plaintiff Delwayne Mills filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Defendant, ACS Recovery, Inc., failed to appear and defend this action, which resulted in the Clerk of the Court entering default on January 21, 2014. Item 7. Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Item 8. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1. Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to

the amount of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2.    Liability**

As set forth in the complaint, the facts are relatively straightforward. At all times relative to the claims asserted, plaintiff was a resident of New Albany, Indiana, and defendant was a business entity engaged in the business of debt collection, with a principal place of business in Lockport, New York. Plaintiff alleges that during the one-year period prior to the filing of the complaint, he received several telephone calls from defendant attempting to collect a debt allegedly incurred by plaintiff's son. Plaintiff claims that defendant continued to contact him both at home and at his place of employment on more than 20 occasions after plaintiff informed defendant that he was not the debtor, that the debtor did not live with him, and that he was not able to provide further contact information. *See* Item 1.

Plaintiff alleges a number of violations under provisions of the FDCPA, including sections 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), and 1692f. These provisions of Title 15 prohibit various acts, including communicating with a person other than the consumer more than once unless requested to do so by the third party, or unless the debt collector reasonably believes that the earlier response of was erroneous or incomplete; communicating with the consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication; engaging in conduct the natural consequence of which is to harass, oppress or abuse the consumer in connection with the collection of a debt; and using unfair or unconscionable means to collect or attempt to collect any debt. Accordingly, for the purposes of this motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.

**3.     Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance; the debt collector's resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional. *See* 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are typically granted in cases where the defendants'

violations are "particularly egregious or intimidating." *Cordero v. Collection Co.*, 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint, including making repeated calls to plaintiff after being informed that he was not the debtor, and calling him at his place of employment. Under the circumstances, and considering the limited number of individuals adversely affected, as well as the absence of any further information regarding the debt collector's noncompliance with the Act, the court finds that these violations of the FDCPA do not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages. The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC, 2012 WL 400789, *3 (W.D.N.Y. February 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

4.   **Attorneys' Fees and Costs**

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in

the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's attorney has affirmed that he expended 9.6 hours of time on the case, and seeks an hourly rate of $180.00 per hour, in accordance with the prevailing market rate for work on FDCPA cases performed by associate attorneys in this district. *See, e.g., Hamilton v. Lombardo, Davis & Goldman*, 2011 WL 2651102, at *3 (W.D.N.Y. July 6, 2011). The court finds both the number of hours expended on the case and the requested hourly rate to be reasonable, and awards attorney's fees in the amount of $1,728.00. The court also finds the request for costs to be reasonable and awards $545.00.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for default judgment (Item 8) is GRANTED.  Plaintiff is awarded $500.00 for defendant's violations of the FDCPA, $1,728.00 in attorney's fees, and $545.00 in costs.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:  March 5, 2014
p:\pending\2013\13-998.mar3.2014